UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:18-CV-00059-GFVT-EBA

JAMES MICHAEL AUSTIN,                                                                PLAINTIFF,

v.                         **MAGISTRATE JUDGE'S
                           REPORT AND RECOMMENDATION**

FRANKLIN COUNTY, KENTUCKY,                                                     DEFENDANT.

*** *** *** ***

On January 17, 2019, filed a motion for protection claiming that the Franklin County Regional Jail where he is currently incarcerated is retaliating against him for filing the present lawsuit. [R. 21]. As proof of this retaliation Austin states that: (1) the Defendant falsely claims he made suicidal statements and as punishment placed him in a cold cell while naked and forced him to stand for hours; (2) he was placed in a cell with another inmate who is a member of the Arian Brotherhood who has expressed his hatred toward Jews, although the cellmate is not aware that Austin is Jewish; and (3) his cell is extremely cold. [R. 21 at 2-4]. Austin requests that he be moved to a differently correctional facility. *Id*. at 5. As Ordered, the Defendant filed a Response to Plaintiff's Motion for Protection. [R. 23]. For the foregoing reasons, it is recommended that Plaintiff's Motion be denied.

Plaintiff's requests to be moved from his current correctional facility to a different one. [R. 21 at 5]. Thus, Plaintiff's motion will be construed as a motion for preliminary injunction. *Roach v. Hiland*, Civil Action No. 5:12-CV-P169-R, 2013 WL 1501424, at *1 (W.D. Ky. April 11, 2013) (as Plaintiff requests an "immediate" transfer, the Court construes his motion as a motion for preliminary injunction); *McIntosh v. Ferrall*, Civil Action No. 1:10-CV-P79-M, 2011 WL 649999, at *1 (W.D. Ky. Feb. 11, 2011) (a preliminary injunction is an injunction that is issued to protect

a plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits). Four factors are used in determining whether to issue a preliminary injunction: (1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Wilson v. Wilkinson*, 28 Fed. Appx. 465, 466 (6th Cir. 2002). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Austin has failed to carry his burden by providing evidence or proof that the circumstances of his case clearly demand the issuance of a preliminary injunction. First, Austin cannot show that he will be successful on the merits. The relief that Austin seeks in his preliminary injunction differs from the relief sought in his complaint. *Brock v. Wright*, Civil Action No. 4:15-CV-00065-JHM, 2017 WL 4478013, * 2 (W.D. Ky. Oct. 3, 2017) (*citing Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.)). Austin's sole claim in his complaint pertains to the Defendant's policy or custom denying inmates access to religious items. The accusations made in the present motion have to do with the conditions of Austin's confinement. Consequently, Austin has not shown that he is likely to succeed on the merits as his new accusations fail to provide a relationship to his complaint. *Brock*, 2017 WL 4478013 at * 2; *See also Devos v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (holding

2

that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction").

Second, Austin cannot show the irreparable harm necessary to support the issuance of a preliminary injunction. Primarily, a prisoner has no inherent constitutional right to be housed in a particular institution. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (*citing Meachum v. Fano*, 427 U.S. 215, 224 (1976)). It is only under rare and extreme situations where an inmate's life is in imminent or grave danger that a federal court has the authority to order a state to transfer a prisoner. *See*, *e.g., Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hooper*, 618 F.2d 1178, 1182 (5th Cir. 1980). Austin has failed to show that his life is in immediate danger. His motion only shows two possible dangers to his life. The cold temperature of his cell and his cell mate. As for his cell mate, while he may be a member of the "Arian Brotherhood" he has not shown any aggression towards Austin nor does he know that Austin is Jewish. To further alleviate this issue, Defendant's response indicates that Austin has been relocated to a different cell. [R. 23 at 5]. As for the temperature of his cell, this claim also does not seem to rise to level of imminent or grave danger. Not only has he now been moved to a different cell, but the temperature of the cell block would affect all inmates. Hence, the temperature of the room is not targeted at him specifically. Regardless, his accusations fail to show the irreparable harm necessary for a preliminary injunction.

Finally, issuing a preliminary injunction in this situation could cause harm to others and harm the public interest. "Judicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context." *Lang v. Thompson*, No. 5:10-CV-379, 2010 WL 4962933, at * 7 (E.D. Ky. Nov. 30, 2010). "Moreover, the Court's intervention in internal prison operations

without an urgently compelling and extraordinary reason is viewed as against public interest." *Brock*, 2017 WL 4478013 at *3. Therefore, Plaintiff has failed to carry the burden that is required to grant his motion. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion, [R. 21], be **DENIED**.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Particularized objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 1st day of February, 2019.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge