UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:18-CV-00059-GFVT-EBA

JAMES MICHAEL AUSTIN,                                                                    PLAINTIFF,

v.                          **MAGISTRATE JUDGE'S
                          REPORT AND RECOMMENDATION**

FRANKLIN COUNTY, KENTUCKY,                                                     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter comes before the undersigned following the Court's referral pursuant to 28 U.S.C. § 636(b) to conduct all further proceedings, including preparing findings of fact and conclusions of law on any dispositive motions. [R. 17]. The Plaintiff filed a motion to add three additional defendants to this litigation, alleging that they have failed to comply with the Franklin County Regional Jail's policies. [R. 29]. The Defendant opposes the motion, asking that it be denied. [R. 32]. Having considered the record and for the reasons that follow, the Court will recommend that Austin's motion be DENIED.

This Court is obligated to broadly construe Austin's motion, evaluating his argument according to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Thus, his "Motion to Add Defendants" will be construed as a motion for leave to amend his complaint. Also, while *pro se* litigants are afforded significant leeway, they must still comply with the procedural rules that govern civil cases. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (Pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.). According to Federal Rule of Civil Procedure 15(a);

(1) A party may amend its pleading once as a matter of course within:

>    (A) 21 days after serving it, or
>    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

In this case, Plaintiff's complaint was amended by the Court to include Franklin County, Kentucky, as the sole Defendant on December 12, 2018. [R. 8]. A summons was issued and returned executed on January 3, 2019. [R. 9; R. 12]. Defendant Franklin County, Kentucky, submitted its Answer to Plaintiff's Complaint on January 4, 2019. [R. 11]. Since that time, 21 days have elapsed and no motion has been filed under Rule 12(b), (e), or (f). Thus, Plaintiff's current motion to amend his complaint, [R. 29], requires this Court's leave pursuant to Fed. R. Civ. P. 15(a)(2). Leave will freely be given if Plaintiff can show that justice so requires.

Although allowing amendment of a complaint is a matter within the sound discretion of the court, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 40 U.S. 321, 330 (1971), the Supreme Court has stated that Rule 15(a)'s mandate to freely allow amendments must be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Also, "(i)mplicit in this statement is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Betty v. Heyns*, No. 1:15-CV-445, 2018 WL 3062003, at *4 (W.D. Mich. Feb. 20, 2018) (*citing Roskam Banking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002)). A motion to amend a complaint can be procedurally insufficient where the Plaintiff fails to tender a proposed amended complaint with his motion, because without the amended complaint "the court cannot adequately assess the appropriateness of permitting the amendment." *Lancaster v. United States*, No. 6:16-CV-175-DCR, 2017 WL

937950, at *3 (E.D. Ky. March 9, 2017). "That shortcoming alone is sufficient reason enough to deny the motion." *Id*.

Austin's motion to amend his complaint does not include a proposed amended complaint. *See* [R. 29]. Specifically, Austin fails to include any new factual allegations against Sgt. Mulder, Chief Abrams, or Captain Wilson in his motion to amend his complaint. He only contends that each of them somehow broke "FCRJ policy" and "therefore should be held personally liable" for their actions. [R. 29]. Thus, without more, Austin cannot show that justice requires allowing him to amend the complaint in this action. Therefore, Plaintiff has failed to carry the burden that is required to grant his motion. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion, [R. 29], be **DENIED** without prejudice. The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Particularized objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

This the 3rd day of April, 2019.



Signed By:
Edward B. Atkins   *EBA*
United States Magistrate Judge